JAP:SCF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M-11-777**

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

TERESA YUAN,
    also known as
    "Terri Yuan,"

             Defendant.

- - - - - - - - - - - - - - - - - X

**FILED UNDER SEAL**

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF AN APPLICATION
FOR ARREST WARRANT

(18 U.S.C. § 875(c))

EASTERN DISTRICT OF NEW YORK, SS:

    BRADFORD B. PRICE, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

    On or about and between July 20, 2011 and July 23, 2011 both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TERESA YUAN, also known as "Terri Yuan," did transmit in interstate or foreign commerce communications containing threats to injure the person of another, to wit: a French motion picture actress ("Victim 1").

    (Title 18, United States Code, Section 875(c)).

    The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to

1. I am a Special Agent with the FBI and have been involved in the investigation of cases involving interstate stalking and the transmission of threatening communications. I am familiar with the facts and circumstances set forth below from my participation in the investigation, my review of the FBI investigative file, and from reports of other law enforcement officers involved in the investigation.

2. The victim in this case is an actress who, between 1993 and 2011, has previously appeared in numerous motion pictures and television programs, produced both in the United States and in France.

3. The defendant TERESA YUAN, also known as "Terri Yuan," (the "defendant"), is a resident of Queens, New York.

4. In or about April 2011, the FBI received a complaint from the administrator of Victim 1's fan website (hereinafter the "Administrator"). In his complaint to the FBI, the Administrator of the website indicated that the defendant had been transmitting numerous email and video communications of a harassing and threatening nature to the email address associated with Victim 1's fan website. During the course of my investigation, I have determined that the servers that host

---

arrest, I have not described all of the relevant facts and circumstances of which I am aware.

Victim 1's fan website are physically located in the State of New Jersey.

5. In response to the Administrator's complaint, Special Agents requested that he provide copies of certain of the threatening communications received at Victim 1's fan website. Beginning in April 2011, the Administrator has been providing the FBI with copies of certain interstate communications sent by the defendant. A review of those communications indicates that on some occasions the defendant has transmitted more than 100 email and video messages in the course of a day to the email address associated with Victim 1's fan website.

6. The nature of the defendant's communications directed to Victim 1 have become increasingly threatening in nature, and as a result Victim 1 and her immediate family have become concerned for their physical safety. For example, in interstate communications sent on or about July 14, 2011, July 20, 2011 and July 21, 2011, the defendant expressed both her knowledge of Victim 1's approximate travel schedule and her intention to travel interstate to see her. In one such communication sent on or about July 20, 2011, the defendant transmitted a video recording of herself in which she states to Victim 1 "I can be very calm and respectful and kind, but then you push me too far or you back me in a corner and this is how I feel . . . ." At the conclusion of that previous sentence, the

3

defendant then makes a hissing and growling noise, which is directed at the camera.

7. Additionally, on or about July 23, 2011, the defendant sent a series of interstate video communications to the email address associated with Victim 1's fan website, and which were directed to Victim 1. I have personally reviewed each of these video communications, and confirmed that the defendant is the individual who appears in each video and who is verbally addressing Victim 1. For example, on July 23, 2011, the defendant sent an interstate video communication of herself to Victim 1 in which she stated: "[s]omething to make clear here is that I plan to meet you. I plan about it, because it gives me hope and happiness. But I do not expect to meet you. Not expecting it, means that if it does happen anytime soon, then I will be OK. But planning to meet you, means to me, to plan something that can make you happy."

8. Subsequently, at approximately 10:43 p.m. on July 23, 2011, the defendant sent an interstate video communication of herself to Victim 1 in which she stated: "[a]ll the guilt and sorrow I feel now I won't feel it after it happens. After it happens I'll feel no regret whatsoever . . . . That's apparently how it feels to be a killer, to be a murderer."

9. Finally, at approximately 11:17 p.m. on July 23, 2011, the defendant sent an interstate video communication of

4

herself to Victim 1 in which she stated: "[w]ould you be willing to play Russian Roulette? If you weren't willing and you had no choice, I'd say 'yeah, that's pretty unfair.' But would you still like it that at least there's only one bullet in this pistol? You have only one out of six chances of being shot. You have five out of six chances of living. The odds are in your favor with Russian Roulette. If I were being threatened and somebody had a gun to my head I'd be . . . [video ends].

    10. On or about July 25, 2011, I traveled to the defendant's residence in Queens, New York with officers from the New York City Police Department to question the defendant. During that questioning, the defendant stated, in sum and substance, that she had knowingly transmitted email and video communications to the email address associated with Victim 1's fan website using the camera and related media contained on her personal iPhone. At least some of these communications were sent from the Eastern District of New York to the server hosting Victim 1's fan website in the District of New Jersey.

5

WHEREFORE, your deponent respectfully requests that the defendant TERESA YUAN, also known as "Terri Yuan," be dealt with according to law.

BRADFORD B. PRICE
Special Agent
Federal Bureau of Investigation

Sworn t
26th d

HONORA
UNITED                    UDGE
EASTERN DISTRICT OF NEW YORK